People v Frazier (2023 NY Slip Op 02745)

People v Frazier

2023 NY Slip Op 02745

Decided on May 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 18, 2023

Before: Renwick, A.P.J., Kapnick, Gesmer, Pitt-Burke, Higgitt, JJ. 

Ind. No. 409/15 Appeal No. 200 Case No. 2017-2022 

[*1]The People of the State of New York, Respondent,
v
Jimmy Frazier, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Svetlana M. Kornfeind of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Max Bernstein of counsel), for respondent.

Judgment, Supreme Court, New York County (Marcy L. Kahn, J. at hearing; Gregory Carro, J. at plea and sentencing), rendered February 3, 2016, convicting defendant of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.
The court properly denied defendant's motion for suppression on the basis that the police lawfully arrested defendant for a violation of a transit regulation. Defendant's conduct of holding open a subway door satisfied the elements of that regulation, rendering the arrest lawful regardless of the officer's subjective intent (see Whren v United States , 517 US 806 [1996]; People v Robinson , 97 NY2d 341 [2001]). Because we find probable cause based on defendant's violation of the transit regulation, we need not address whether the police had probable cause to arrest defendant based on his alleged connection to a series of subway station chain snatchings.
The photo array shown to the victims was not unduly suggestive because there was no substantial likelihood that defendant would be singled out for identification (see People v Chipp , 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]). Our examination of the array reveals that the men depicted were of similar appearance, and that all appeared to be within the same age range, which was the age range specified by the victims. The fact that defendant appears to have some gray hairs does not make him appear noticeably older than the fillers.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2023